UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHARLES BAKER,<br><br>           Defendant. | Criminal No. 20-cr-10162-NMG |

**ORDER ON GOVERNMENT'S MOTION FOR DETENTION**

CABELL, U.S.M.J.

On August 20, 2020, the defendant appeared in court on an indictment charging him with dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), and being a felon in possession of a firearm in violation of 922(g)(1). The government moved for detention on the ground of danger to the community and a hearing was held on August 25, 2020. After consideration of the evidence presented and the parties' respective arguments, the court finds that the defendant does pose a risk of danger to the community, but finds further that the conditions set forth below, if adopted and followed, would sufficiently mitigate the risk of danger (as well as any risk of nonappearance) so as to warrant release. Accordingly, the court will release the defendant subject to the following conditions:

1. The defendant shall be subject to home incarceration at the residence assessed by the Pretrial/Probation Office, that is, his sister's residence. The defendant's compliance with this condition shall be enforced through electronic monitoring via a landline to be installed in the residence or, if that does not happen, any other technology at Probation's discretion. Home incarceration means that the defendant is allowed out only for activities approved by the Court, normally legal and medical purposes. Other activities may be considered but must be approved in advance by the Court. Once installed in the residence, the defendant shall not move without Probation's prior permission.

2. As suggested by the preceding paragraph, travel will be permitted to confer with counsel or attend court proceedings as required, or to attend previously scheduled medical or medical-related appointments. In all circumstances, however, the defendant shall obtain the

permission of Probation before leaving the residence to travel anywhere. If permitted to travel, the defendant shall return to the residence as soon as the event for which travel was permitted has ended.

3. The defendant shall report to Probation as directed.

4. The defendant shall not apply for a passport or any other travel documents while on release. If it has not already happened, the defendant shall surrender his passport and any other travel documents to Probation upon his release.

5. The defendant must avoid all contact, directly or indirectly, with any person who is or may be a co-defendant, witness or victim in the investigation or prosecution of this case.

6. The defendant shall refrain from possessing any firearm, destructive device, or other dangerous weapon and shall not have access to any such items lawfully owned and possessed by any other occupants of the residence.

7. The defendant shall refrain from the excessive use of alcohol.

8. The defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes marijuana.

9. The defendant shall be required to pay for, or contribute to the cost of, the imposed monitoring condition, based on an ability to pay.

10. The defendant shall report any contact with law enforcement within 24 hours.

11. The defendant shall obey all statutory conditions of release.

The defendant shall contact the Deputy Clerk when all these conditions are prepared to be met, including the proposed residence meeting the technological standards required by the Probation Office. Upon such confirmation, the court will convene a hearing as soon as practicable to effect the terms of this Order. The court reserves the right to consider additional conditions at that time.

*SO ORDERED.*

/s/ Donald L. Cabell
DONALD L. CABELL
United States Magistrate Judge

DATED: September 1, 2020