UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES BAKER<br><br>Defendant | Criminal No. 20-CR-10162-NMG |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits this memorandum in support of its recommendation for **37 months of incarceration** for the Defendant, followed by three years of supervised release. This recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

**THE ADVISORY SENTENCING GUIDELINES**

The government agrees with the offense level calculation provided U.S. Probation, which calculated the offense level in the final Presentence Report to be 17 (PSR ¶¶1-48).  With a criminal history score of 4, the criminal history category is III (PSR ¶¶71-72), the guideline sentencing range ("GSR") calculated by Probation is 30 to 37 months (PSR ¶120).  There is no plea agreement.

**ARGUMENT**

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2).  Among those factors are the "nature and circumstances of the offense," promoting respect for the law, and providing just punishment.  See 18 U.S.C. § 3553(a)(2)(A).  The sentence must also afford "adequate deterrence" for both the defendant and others.  See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate

deterrence to criminal conduct"). Lastly, the sentence must protect the public from the further

crimes of the Defendant. See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes

of the defendant"). Consideration of the § 3553(a) factors demonstrates that a sentence of 37

months is sufficient, but not greater than necessary, to meet the goals of sentencing.

### A.    Nature and Circumstances of the Offenses

As an initial matter, the government notes that due to the *peculiar* requirements[1] of the

sentencing guidelines, the +4 offense level increase for trafficking in firearms under USSG

2K2.1(b)(5) does not apply. This increase does not apply despite the fact that the Defendant was

himself prohibited from possessing firearms, and the Defendant transferred over 36 firearms.

Similarly, the Defendant's prior convictions for controlled substance offenses do not raise the base

offense level due to their age,[2] and his prior sodomy and rape convictions do not raise the base

offense level as crimes of violence due to application of the categorical approach.[3] Cf. USSG §

2K2.1(a)(2) (setting base offense level at 24 for two prior convictions of controlled substance

offenses or crime of violence).

Consequently, the government believes that the resultant guidelines sentence range does

not entirely reflect the nature of the Defendant's conduct – the applicable guidelines suggest simple

---

[1] The notes set a requirement for the application of USSG 2K2.1(b)(5) that virtually precludes its application: i.e., require proof that the Defendant knew that the transferree's "possession or receipt of the firearm would be unlawful," because of a "prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence" or "at the time of the offense was under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." See USSG § 2K2.1, n.13(A), (B).

[2] See USSG § 2K2.1, n.10 ("For purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that receive criminal history points under §4A1.1(a), (b), or (c).")

[3] The Defendant's Missouri convictions for statutory rape and statutory sodomy do not constitute crimes of violence under USSG § 4B1.2. See Lofton v. United States, 920 F.3d 572, 575 (8th Cir. 2019).

possession of firearms by a merely prohibited person, not the repeated and protracted trafficking in firearms by a life-long criminal with multiple prior sentences. These circumstances warrant a sentence at the high-end of the guidelines.

Additionally, at least seven of the Defendant's firearms have been recovered in the possession of prohibited persons and violent offenders in the commission of serious crimes. See PSR ¶¶21-28. Not only did the Defendant play a role in arming these violent criminals, but he profited from the sale of these firearms. The government anticipates the Defendant's firearms being recovered at future crime scenes well into the next decade. For all these reasons, the nature and circumstances of the Defendant's crimes certainly justify a sentence of 37 months.[4]

**B.      Criminal History, Specific Deterrence, Punishment**

Given the nature of this offense and the circumstances of the Defendant committing these crimes after a lengthy criminal history, the Court must ensure that the Defendant is specifically deterred from committing crimes in the future. The Court must also ensure that the Defendant is appropriately punished as well.

Consideration of the Defendant's criminal history reveals that a sentence at the high-end of the guidelines sentence range is proportional to the offense. The Defendant is an individual who has been committing crimes for essentially his entire life. His numerous prior convictions date back to his teenage years and most of his convictions do not score. These convictions include: illegal firearms possession (PSR ¶51), drug possession and distribution (PSR ¶¶51, 55, 58, 65), receiving a stolen motor vehicle (PSR ¶53), breaking and entering (PSR ¶66), repeated motor vehicle offenses (PSR ¶¶56, 57, 59, 60, 62, 63, 64, 68), failure to register as a sex offender (PSR

---

[4] The government acknowledges that its recommendation essentially amounts to one month per firearm transacted.

¶70), and rape (PSR ¶60).  See PSR ¶¶86-87.  The Defendant has also been historically sentenced to terms of imprisonment: one year for firearm possession (PSR ¶51), one year for receiving a stolen motor vehicle (PSR ¶53), two years for defacing the serial number of a firearm (PSR ¶54), one year for drug distribution in a school zone (PSR ¶55), and five years for statutory rape and sodomy after violating probation (PSR ¶61).  The Court must also appropriately punish the Defendant for transferring over three-dozen deadly weapons onto the street, with those same firearms finding their way into the hands of violent criminals.

Indeed, the government's primary concern is that this sentence, though at the high-end of the applicable guidelines sentencing range, affords insufficient specific deterrence and punishment.  On balance, however, and given the near-decade since the Defendant's last period of imprisonment in Missouri, 37 months of imprisonment should afford sufficient specific deterrence to this Defendant and properly punish him.

C.      General Deterrence, Promotion of Respect for the Law, and Public Protection

General deterrence and promotion of respect for the law must also be considered, and this Court should be mindful of the message that the sentence will send to firearms traffickers.  As noted above, the government does not believe that the sentencing guidelines adequately reflect the seriousness of the conduct, or set the proper range for a generally deterrent sentence in the context of a firearms dealer who is prohibited and sells over 36 firearms that are later possessed by criminals and used in violent crimes.[5]  A sentence of 37 months, the maximum of the guidelines sentence range, though, does send a message that firearms trafficking is a serious offense that merits a multi-year term of imprisonment.  Lastly, this Court must also take the opportunity to

---

[5] Compare Mass. Gen. Laws c. 269, § 10E (setting 10-year mandatory minimum for sale or transfer of 10 or more firearms within a 12-month period).

protect society from firearms traffickers like this Defendant.  In this context, a 37-month sentence is not greater than necessary.

## CONCLUSION

Based upon the foregoing, the government requests that the Court impose a sentence of 37 months, followed by three years of supervised release.

Respectfully submitted,

NATHANIEL R. MENDELL,
Acting United States Attorney

By:

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
617-748-3674

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney

Date:   November 21, 2021